FORD MOTOR CO. *v.* UNITED STATES (No. 3396) [1]

United States Court of Customs and Patent Appeals, April 29, 1931

*Clifford B. Longley, Wallace R Middleton, E. E. Juntunen,* and *Charles M. Thomas* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, jr.,* special attorney, of counsel), for the United States.

[Oral argument April 3, 1931, by Mr. Thomas and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding that certain iron castings and certain aluminum castings, imported at the port of Detroit, were dutiable, respectively, under paragraphs 327 and 399 of the Tariff Act of 1922 as assessed by the collector.

So far as pertinent to the issues involved, the paragraphs in question read as follows:

PAR. 327. * * * and castings and vessels wholly of cast iron, including all castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts; * * * 20 per centum ad valorem.

PAR. 399. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, * * * whether partly or wholly manufactured, 40 per centum ad valorem.

It appears from the record that appellant, the Ford Motor Co., exported certain large rough iron and aluminum castings to Canada for the purpose of having them subjected to a "profiling operation" at the plant of the Ford Motor Co. at Walkerville, Ontario; that the

---

[1] T. D. 44897.

"profiling operation" consisted in grinding off excess material, so as to bring the castings "one step nearer" their intended final form—"special dies"; that, as imported, the castings were "unfinished special dies"; and that, in order to complete them, it was only necessary that they be "smoothed up with grindstones and with files."

It is conceded by counsel for appellant that the castings were changed in condition and advanced "one step nearer" their intended final form, namely, special dies, by a manufacturing process—a profiling operation.

Counsel for appellant contend, however, that the imported articles were not finished dies; that they were of no value to others than appellant, except merely as iron and aluminum; that, as they had been reduced in weight by the profiling operation, they had actually depreciated in value, if sold by weight; and that, therefore, the castings were not advanced in value or improved in condition, and were free of duty under the provisions of paragraph 1514 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1514. Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means if imported by or for the account of the person who exported them from the United States; * * * articles exported from the United States for repairs may be returned upon payment of a duty upon the value of the repairs at the rate at which the article itself would be subject if imported, under conditions and regulations to be prescribed by the Secretary of the Treasury: * * *

It is further contended by counsel for appellant that if the involved merchandise is not free of duty as American goods returned to the United States without having been advanced in value or improved in condition the manufacturing process to which it was subjected in Canada should be considered as "repairs" under paragraph 1514 and the merchandise assessed with duty upon the value of such "repairs" at the rate at which it would be subject if imported.

Counsel for appellant have cited the case of *United States* v. *Saunders*, 8 Ct. Cust. Appls. 82, T. D. 37200, as authority for their contention that the involved merchandise was not advanced in value or improved in condition in Canada.

In that case the court held that certain tin disks, approximately 2 inches in diameter, a by-product produced abroad in the manufacture of cans from tin plate exported from the United States, were entitled to free entry as American goods returned without having been advanced in value or improved in condition by any process of manufacture. The decision was based upon the proposition that the tin disks were of less value than the exported tin plate. The court referred to the case of *In re Beck*, T. D. 26865, where it was held

that merchandise in the form of hoop or band steel exported from the United States and returned as scrap steel had not been "advanced in value or improved in condition, but rather depreciated by the process of manufacture."

The question of whether the involved merchandise was advanced in value or improved in condition by a manufacturing process in Canada is one of fact. *United States* v. *Anderson & Co.*, 2 Ct. Cust. Appls. 350, T. D. 32080. In that case the court held that a forging was advanced in value when the "burr on the edge of the rough-forged article" had been removed by a grinding process, and a "hoe rough forged, but so manipulated," was not within the provision for forgings not advanced in condition by any process subsequent to the forging process contained in paragraph 123 of the Tariff Act of 1909.

It is true that in that case the removal of the burr was the final process in the manufacture of the tool. However, a manufacture may be subjected to several manufacturing processes before it takes on the form of a completed article. "The finished product of one manufacture thus becomes the material of the next in rank." *United States* v. *Richter*, 2 Ct. Cust. Appls. 167, T. D. 31680; *Ball et al.* v. *United States*, 8 Ct. Cust. Appls. 143, T. D. 37271. Generally, each manufacturing process advances the article in condition and value. And so, in the case at bar, the castings were subjected to a manufacturing process—profiling operation—the sole purpose of which was to improve them in condition and advance them in value. Accordingly, we must hold that the involved castings were improved in condition and advanced in value and are, therefore, not entitled to free entry by virtue of the provisions of paragraph 1514, *supra*.

From what has been said it is obvious that the manufacturing process to which the castings were subjected in the plant of the Ford Motor Co. in Canada was not in any sense repairs. See *E. E. Kelly & Co.* v. *United States*, 17 C. C. P. A. (Customs) 30, T. D. 43322; *United States* v. *Admiral Oriental Line et al.*, 18 C. C. P. A. (Customs) 137, T. D. 44359.

For the reasons stated, the judgment is *affirmed*.